**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| **JOSEPH ALEXANDER**, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | **Civil Action No.** 1:26-cv-075 |
| | § | |
| **DAWN HILL-KEARSE**, and | § | |
| **SERGIO JIMENEZ**, | § | |
| Defendants. | § | |

**MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION**

Before the Court is Plaintiff Joseph Alexander's "Complaint for a Civil Case" ("Complaint"). Dkt. No. 1. For the reasons discussed below, it is recommended that the Court: (1) **DISMISS WITHOUT PREJUDICE** Alexander's Complaint; and (2) **DIRECT** the Clerk of Court to **CLOSE** this case.

## I.   FACTUAL AND PROCEDURAL BACKGROUND[1]

On January 27, 2026, Alexander, proceeding pro se and in forma pauperis, commenced this action by filing his Complaint. Dkt. No. 1. There, he merely states that "Defendants conspired together and intentionally delayed the calendar of motions, in violation of due process" and "demands compensation of $500,000" as relief. *Id.*

---

[1] Information obtained from Alexander's Complaint. *See* Dkt. No. 1.

## II.    LEGAL STANDARD

### A.  Review Under 28 U.S.C. § 1915(e)(2)

The Court may dismiss, sua sponte, a complaint filed in forma pauperis if, at any time, the Court determines that the action is: (i) frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from suit.  28 U.S.C. § 1915(e)(2)(B); *see also Amrhein v. United States*, 740 Fed.Appx. 65, 66 (5th Cir. 2018).

A complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The claim must be facially plausible and "plead factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

"Before dismissing a pro se litigant's case for failure to state a claim, a district court ordinarily must give the litigant an opportunity to amend his complaint to remedy the deficiencies." *Graves v. Cain*, 734 Fed.Appx. 914, 915 (5th Cir. 2018) (citing *Eason v. Thaler*, 14 F.3d 8, 9 (5th Cir. 1994)).  The report and recommendation of a United States Magistrate Judge provides sufficient notice of the Court's intent to dismiss, and the 14-day objections period provides time for a response.  *Alexander v. Trump*, 753 Fed.Appx. 201, 208 (5th Cir. 2018) (citing *Magouirk v. Phillips*, 144 F.3d 348, 359 (5th Cir. 1998)).

A pleading by a pro se litigant is liberally construed under a less stringent standard of review than a formal pleading drafted by a lawyer. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  Nevertheless, a pro se filing must still "abide by the rules that govern the federal courts." *E.E.O.C. v. Simbaki, Ltd.*, 767 F.3d 475, 484 (5th Cir. 2014) (quoting *Frazier v. Wells Fargo Bank, N.A.*, 541 Fed.Appx. 419, 421 (5th Cir. 2013)).  If a claim lacks "an arguable basis either in law or fact," then, a court can dismiss a claim as frivolous.  *Hicks*

*v. Garner*, 69 F.3d 22, 25 (5th Cir. 1995) (quoting *Nietzke v. Williams*, 109 S.Ct. 1827, 1831–32 (1989)).

## III.    DISCUSSION

Even under a liberal standard, Alexander's Complaint fails to state a claim upon which relief can be granted.  Alexander's nearly bare Complaint[2] contains no facts as to what Defendants have allegedly done, or how.  *See* Dkt. No. 1.  In his Complaint, Alexander only states that the "basis for this court's jurisdiction is federal law;" critically, he cites to no federal statute, constitutional provision, or treaty.  *Id.*  It is not clear from the Complaint that the Court has subject-matter jurisdiction, that the Court has personal jurisdiction over the Defendants, or that venue is proper in this Court.  Without more, the Court has no choice but to recommend dismissal of Alexander's Complaint as it fails to set forth any claim upon which relief may be granted.  28 U.S.C. § 1915(e)(2)(B)(ii); *Twombly*, 550 U.S. at 570; *Iqbal*, 556 U.S. at 678.

## IV.    RECOMMENDATION

For the foregoing reasons, it is recommended that the Court: (1) **DISMISS WITHOUT PREJUDICE** Alexander's Complaint [Dkt. No. 1]; and (2) **DIRECT** the Clerk of Court to **CLOSE** this case.

---

[2] The Court notes that Alexander has filed almost identical, frivolous complaints in the Eastern District of Tennessee (2:26-CV-20) and Southern District of Indiana (1:26-CV-163).

## V.    NOTICE TO PARTIES

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).

**SIGNED** on this **10th** day of **April, 2026,** at Brownsville, Texas.

**Ignacio Torteya, III**
**United States Magistrate Judge**